IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Patricia Huff, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| NCO Financial Systems, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Patricia Huff, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Patricia Huff ("Plaintiff"), is an adult individual residing in Asheville, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.  NCO alleged to Plaintiff that she incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.  Upon information and belief, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.  Upon information and belief, the Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

9.  The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

10. The Debt does not belong to Plaintiff or Plaintiff's husband.

11. In December, 2009, Plaintiff informed NCO verbally and in writing, by certified letter, that she was not she did not owe the Debt. Plaintiff further informed NCO that the debtor

it was trying to reach did not reside at Plaintiff's residence, nor could that debtor be contacted at Plaintiff's residence or at Plaintiff's telephone number.

12. Plaintiff informed NCO in writing to cease communication by telephone and in writing.

13. Despite receiving this information continued to place several calls a week to Plaintiff's residential telephone in an attempt to collect the Debt until June 28, 2010.

14. NCO threatened to take legal action against Plaintiff in an attempt to collect the Debt. No such action has been taken to date.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger and frustration.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

19. The Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

3

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

26. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

27. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

28. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

4

29. The foregoing acts and omissions of the Defendant a violation of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

33. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. Defendant could reasonably foresee it's conduct would cause mental anguish and severe emotional distress to Plaintiff.

37. Plaintiff did indeed suffer mental anguish and severe emotional distress including stress.

38. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 6, 2011

Respectfully submitted,

By /s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.

P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237